UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 18-0098-2 (PLF) |
| ) | |
| TIERA HIGHT, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

On October 8, 2018, the defendant, Tiera Hight, entered a plea of guilty on both counts of the superseding information: Count 1s, assaulting, resisting, or impeding certain officers or employees under 18 U.S.C. § 111(a), and Count 2s, simple assault under D.C. Code § 22-404. On April 1, 2019, the Court sentenced Ms. Hight to a sentence of time served on each count, the sentences to run concurrently, followed by a one-year period of supervised release on Count 1s. See Judgment, Dkt. No. 80. Because of Ms. Hight's age at the time of her offense, the Court has discretion to sentence her for the District of Columbia Code offense under the District of Columbia's Youth Rehabilitation Act, D.C. Code § 24-901 et seq. At the sentencing hearing on April 1, 2019, Ms. Hight requested through counsel that the Court sentence her under that Act; the United States opposed the request. The Court reserved the question for later resolution, and the parties submitted further briefing. See Dkt. Nos. 82, 83.

Upon consideration of the parties' arguments at the sentencing hearing, the parties' submissions, the entire record in this case, and each of the thirteen factors identified in D.C. Code § 24-903(c)(1), the Court concludes that a sentence under the Youth Rehabilitation Act is warranted as to Count 2s, Ms. Hight's conviction for assault under the D.C. Code.

The Court has considered each of the thirteen Youth Rehabilitation Act factors. It notes the violent nature of Ms. Hight's offense, see D.C. Code § 24-903(c)(2)(B), and the moving statement given by the victim of Ms. Hight's assault, see D.C. Code § 24-903(c)(2)(L). The Court finds, however, that the following considerations are sufficient to justify sentencing Ms. Hight under the Youth Rehabilitation Act for her conviction of assault under D.C. Code § 22-404: Ms. Hight's youth at the time of the offense, see D.C. Code § 24-903(c)(2)(A), her compliance with the terms of the pretrial High-Intensity Supervision Program, see D.C. Code § 24-903(c)(2)(D), the fact that she had never before been arrested or convicted of any crime prior to the instant offense, see D.C. Code § 24-903(c)(2)(F), the difficult family dynamic Ms. Hight was confronting at the time of the offense, see D.C. Code § 24-903(c)(2)(G), and her demonstrated remorse and capacity for rehabilitation, see D.C. Code §§ 24-903(c)(2)(H); 24-903(c)(2)(K). Accordingly, it is hereby

ORDERED that Ms. Hight's sentence on Count 2s is designated a Youth Rehabilitation Act sentence.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 29, 2019